CELLU-CRAFT PRODUCTS CORP., A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF-APPELLANT, v. DAVID LUBBEN, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 14, 1952—Decided May 14, 1952.

Before Judges McGeehan, Jayne and Goldmann.

*Mr. William C. Nowels* argued the cause for appellant (*Messrs. Stein & Stein*, attorneys; *Mr. Frederick Z. Feldman*, on the brief).

*Mr. James A. Major* argued the cause for respondent (*Messrs. Major & Carlsen*, attorneys).

Per Curiam. Plaintiff brought suit on four counts, each alleging a separate cause of action on contract. Defendant's motion for summary judgment on all four counts was granted. At the oral argument the plaintiff conceded that summary judgment on counts one, three and four were justified.

Count two was for money loaned on May 9, 1949, by plaintiff to the defendant. Defendant's motion for summary judgment was based on (1) accord and satisfaction and (2) assignment. As to the first ground of accord and satisfaction, there was a genuine issue as to material facts. In his brief and on the oral argument, the defendant relies only on the second ground.

The writing relied on as an assignment by this plaintiff of the claim set forth in count two of the complaint reads as follows:

"KNOW ALL MEN, that the undersigned CELLOPRINT, INC., a corporation having its principal place of business at 133-23 35th Avenue, Flushing, New York, in consideration of the sum of One ($1.00) Dollar, and other good and valuable considerations paid by Marie Levy and Dorothy Gilbert, hereby assigns to said Marie Levy and Dorothy Gilbert all of its right, title, and interest in all monies

due or that may become due or any and all contract, deeds, bonds and mortgages that may be due from David Lubben or his nominee, or from Edwin Dane, or from General Confections, Inc., a New Jersey Corporation.

"IN WITNESS WHEREOF, said CELLOPRINT, INC., has caused its hand and seal to be affixed hereto on this 21st day of October, 1950.

"CELLOPRINT, INC.
By Samuel J. Leeds Sec.
Samuel J. Leeds Sec.
(Seal)

"The undersigned hereby consent to the above assignment insofar as the same may affect any interest they may have.
CELLU-CRAFT PRODUCTS CORP.,
By Samuel J. Leeds Pres.
Samuel J. Leeds
(Seal)"

The defendant argues that although this plaintiff, Cellu-Craft Products Corp., did not join in the body of the assignment, the annexed consent was a separate assignment so far as it operated on any rights which Cellu-Craft might have. Whatever effect the annexed consent may have, it certainly does not, on its face, constitute a full assignment by this plaintiff of all its right, title and interest to the claim set up in the second count of this complaint. Nor were uncontroverted facts before the court which could support a finding that it was intended to have any such effect. The claimed assignment cannot support the summary judgment.

The summary judgment as to counts one, three and four is affirmed, and the summary judgment as to count two is reversed.